**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL RENO, ) | |
| ) | |
| Plaintiff, ) | COMPLAINT FOR VIOLATION |
| ) | OF CIVIL RIGHTS AND STATE |
| v. ) | SUPPLEMENTAL CLAIMS |
| ) | |
| City of Chicago Police Officer KEITH ) | |
| HARRIS, Star #19542, City of Chicago ) | |
| Police Officer JEROME HOFFMAN, Star ) | |
| #19110, City of Chicago Police Officer ) | |
| SCHER, City of Chicago Police Officer ) | |
| NELSON GONZALEZ, Star #7235 and ) | **JURY DEMANDED** |
| the CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

**JURISDICTION AND VENUE**

1.  This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2.  Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3.  At all times herein mentioned, Plaintiff MICHAEL RENO was and is a citizen of the United States, and was within the jurisdiction of this court.

4.  At all times herein mentioned, Defendant CITY OF CHICAGO Police Officer KEITH HARRIS, Star No. 19542, ("HARRIS") was employed by the CITY OF CHICAGO Police Department, and was acting under color of state law and as the

employee, agent, or representative of the CITY OF CHICAGO Police Department. This Defendant is being sued in his individual capacity.

5. At all times herein mentioned, Defendant CITY OF CHICAGO Police Officer JEROME HOFFMAN, Star No. 19110, ("HOFFMAN") was employed by the CITY OF CHICAGO Police Department, and was acting under color of state law and as the employee, agent, or representative of the CITY OF CHICAGO Police Department. This Defendant is being sued in his individual capacity.

6. At all times herein mentioned, Defendant CITY OF CHICAGO Police Officer SCHER, ("SCHER") was employed by the CITY OF CHICAGO Police Department, and was acting under color of state law as the employee, agent, or representative of the CITY OF CHICAGO Police Department. This Defendant is being sued in his individual capacity.

7. At all times herein mentioned, Defendant CITY OF CHICAGO Police Officer NELSON GONZALEZ, Star No. 7235, ("GONZALEZ") was employed by the CITY OF CHICAGO Police Department, and was acting under color of state law as the employee, agent, or representative of the CITY OF CHICAGO Police Department. This Defendant is being sued in his individual capacity.

8. At all times herein mentioned, the CITY OF CHICAGO was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the CITY OF CHICAGO maintained, managed, and/or operated the CITY OF CHICAGO Police Department.

**FACTUAL ALLEGATIONS**

9. On or about MARCH 28, 2009, Plaintiff was lawfully in a public place, in the City of Chicago, Cook, State of Illinois.

10. On that day and place, HARRIS, GONZALES, SCHER, and HOFFMAN individually and in a conspiracy engaged in intentional and malicious conduct with the intent to unlawfully arrest Plaintiff.

11. On that day and place, HARRIS, GONZALES, SCHER, and HOFFMAN individually and in a conspiracy engaged in unlawful conduct with the intent to maliciously prosecute the Plaintiff.

12. On that day and place, defendants and each of them purported to participate in a sting in which Hoffman (in an undercover capacity) engaged in a "hand to hand" transaction with the Plaintiff and allegedly bought narcotics from Plaintiff using marked funds. The remaining defendants participated in various capacities in arresting and prosecuting the Plaintiff.

13. However, the defendants and each of them fabricated this story. There in fact was no transaction with Plaintiff; marked funds associated with the Plaintiff do not exist and the Plaintiff did not sell nor possess any narcotics.

14. Plaintiff was arrested. Plaintiff was then transported to the Area Two police station where he was imprisoned until he was found not guilty at a criminal trial. There was no probable or legal cause to arrest Plaintiff.

15. Defendants and each of them caused false criminal charges to be brought against Plaintiff, charging Plaintiff with narcotics related crimes.

16. Further, defendants Hoffman, Gonzales, and Harris perjured themselves at a criminal trial in an attempt to have Plaintiff convicted for a crime he did not commit.

17. On or about DECEMBER 7, 2009, the charges terminated in the Plaintiff's favor.

18. By reason of the above-described acts and omissions of the Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

19. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

20. By reason of the above-described acts of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provisions set by law.

## COUNT I
### Plaintiff Against All the Individual Defendants for
### FALSE ARREST

21. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty (20) hereat as though fully set forth at this place.

4

22. By reason of the conduct by Defendant, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

23. The Individual Defendants caused the arrest of Plaintiff unreasonably and without probable cause. Therefore, the Individual Defendants are liable for this arrest under 42 U.S.C. § 1983.

**COUNT II**
**Plaintiff against Defendants, and the CITY OF CHICAGO For**
**The Supplemental Claim of MALICIOUS PROSECUTION**

24. Plaintiff incorporates and re-alleges paragraphs one (1) through twenty (20) hereat as though fully set forth at this place.

25. Defendants HARRIS, HOFFMAN, SCHER, and GONZALEZ caused a criminal prosecution to commence and continue against Plaintiff.

26. Defendants HARRIS, HOFFMAN, SCHER, and GONZALEZ, police officers employed by the CITY OF CHICAGO, maliciously commenced and caused to be continued a criminal action against Plaintiff without probable cause for the institution and continuation of these proceedings. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

27. Defendants HARRIS, HOFFMAN, SCHER, and GONZALEZ initiated, facilitated, and/or continued this malicious prosecution by the creation of false evidence, by giving false police reports, preparing and signing false criminal

5

complaints, and (for defendants Harris, Hoffman and Gonzalez) by perjuring themselves at Plaintiff's criminal trial.

28. The criminal proceedings were terminated in the plaintiffs' favor on or about DECEMBER 7, 2009.

29. The CITY OF CHICAGO is liable to Plaintiff for the acts of HARRIS, HOFFMAN, SCHER, and GONZALES pursuant to the doctrine of *respondeat superior.*

30. Therefore, HARRIS, HOFFMAN, SCHER, and GONZALEZ and the CITY OF CHICAGO are liable under the supplemental state law claim of Malicious Prosecution.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants other than the CITY OF CHICAGO be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the CITY OF CHICAGO be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

      6.      That Plaintiff have such other and further relief as this Court may deem just and proper.

Dated: September 22, 2010                         /s/     Edwar d M. Fox
                                                              Edward M. Fox

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 W. Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877


**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

                                                          /s/     Edward M. Fox
                                                                Edward M. Fox

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 W. Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877