10-03-2099

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| MICHAEL RENO, | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| vs. | ) | No. | 10-cv-6114 |
| | ) | | |
| CITY OF CHICAGO, et al., | ) | Judge St. Eve | |
| | ) | | |
| Defendants. | ) | | |

**DEFENDANTS' JOINT MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

NOW COME the Defendants, CITY OF CHICAGO, CHICAGO POLICE OFFICERS KEITH HARRIS, Star No. 19542 (hereinafter "HARRIS"), JEROME HOFFMAN, Star No. 19110 (hereinafter "HOFFMAN"), KHALED SHAAR, Star No. 9039 (hereinafter "SHAAR"), and NELSON GONZALEZ, Star No. 7235 (hereinafter "GONZALEZ"), by and through their attorneys, CUISINIER, FARAHVAR & BENSON, LTD., and in support of their Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby state as follows:

**I.  INTRODUCTION**

Plaintiff has filed a Complaint against the CITY OF CHICAGO and Officers HARRIS, HOFFMAN, SHAAR, and GONZALEZ alleging various misconduct by Defendants in connection with Plaintiff's arrest on March 28, 2009.  (See ¶ 1-2 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.)  Defendants have denied all material allegations of Plaintiff's

Complaints and now seek judgment as a matter of law on Plaintiff's Complaints as a whole. (See ¶ 3-4 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.)

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FRCP 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548 (1986). No genuine issue for trial exists "where the record as a whole could not lead a rational trier of fact to find for the nonmoving party." Juarez v. Ameritech Mobile Communications, Inc., 957 F.2d 317, 322 (quoting Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986)).

In this instance, there is no genuine issue of material fact that HARRIS, HOFFMAN, SHAAR, and GONZALEZ, had probable cause to arrest Plaintiff. Therefore, Defendants are entitled to an award of summary judgment in their favor as to Plaintiff's § 1983 claim of false arrest and state law claim of malicious prosecution. In the alternative, in the event this Honorable Court finds that probable cause did not exist to arrest Plaintiff, Defendants are still entitled to summary judgment in their favor under qualified immunity and the Illinois Local Governmental and Governmental Employees Tort Immunity Act.

## II. ARGUMENT

### A. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT OF PLAINTIFF'S CLAIM OF FALSE ARREST UNDER SECTION 1983 AS DEFENDANTS HAD PROBABLE CAUSE TO ARREST PLAINTIFF.

The constitutionality of a warrantless arrest for a criminal offense turns on the existence of probable cause for the arrest. Sow v. Fortville Police Dept., 636 F.3d 293, 301 (7th Cir. 2010) (citing Woods v. City of Chicago, 234 F.3d 979, 987 (7th Cir. 2000)). Probable cause is an

absolute bar to a § 1983 claim for false arrest. Sow, 636 F.3d at 301-02 (citing McBride v. Grive, 576 F.3d 703, 707 (7th Cir. 2009)); Chelios v. Heavener, 520 F.3d 678, 685-86 (7th Cir. 2008). An officer has probable cause to arrest if a reasonable person would believe, based on the facts and circumstances known at the time, that a crime had been committed, is being committed, or is about to be committed. Sow, 636 F.3d at 302 (citing Beck v. Ohio, 379 U.S. 89, 85 S. Ct. 223 (1964)); Chelios, 520 F.3d at 686 (citing Wagner v. Washington County, 493 F.3d 833, 836 (7th Cir. 2007)). A conclusion that probable cause existed as a matter of law is appropriate when there is no room for a difference of opinion concerning the facts or the reasonable inferences to be drawn from them. Robinson v. Gerritson, 210 F. Supp. 2d 1004, 1010-11 (N.D Ill. 2002) (quoting Sheik-Abdi v. McClellan, 37 F.3d 1240, 1246 (7th Cir. 1994)).

In this case, there is no genuine issue of material fact that HARRIS, HOFFMAN, SHAAR, and GONZALEZ had probable cause to arrest Plaintiff for possession of cocaine with intent to deliver. Based upon all of the information known to them at the time, each of the Defendant officers had ample reason to conclude that Plaintiff had committed a crime. For example, GONZALEZ, while performing surveillance, saw Plaintiff engaging in what appeared to be narcotics-related hand-to-hand transactions. (See ¶ 23-25 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.) HARRIS, an undercover officer, was sent in to determine whether Plaintiff was engaging in the sale of narcotics. (See ¶ 28, 34 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.) HARRIS, while being watched by GONZALEZ and their sergeant, Sgt. Darwin Butler, purchased suspect crack cocaine from Plaintiff. (See ¶ 40-46, 48 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.) HOFFMAN and SHAAR were then sent in to detain Plaintiff. (See ¶ 50 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.) Plaintiff was escorted outside of the building he went into after his

interaction with HARRIS. (See ¶ 61 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.) Plaintiff was then identified by HARRIS as the individual who sold him the suspect crack cocaine. (See ¶ 67 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.) Plaintiff was then taken into custody and taken to Area 2 for processing. (See ¶ 68, 74 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.) These facts clearly give rise to probable cause to arrest Plaintiff.

The determination of probable cause is not based upon "the facts as an omniscient observer would perceive them," but instead is determined by the facts "as they would have appeared to a reasonable person in the position of the arresting officer." Mustafa v. City of Chicago, 442 F.3d 544, 547 (7th Cir. 2006). The test for probable cause is an objective one. Graham v. Connor, 490 U.S. 386, 398, 109 S. Ct. 1865 (1989). A reasonable person in the position of each of the Defendant officers would conclude that probable cause existed to arrest Plaintiff. For example, GONZALEZ conducted surveillance of Plaintiff's activities for a period of time and saw Plaintiff engage in what appeared to be narcotics-related transactions. (See ¶ 15, 22-25, 27-28 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.) In an effort to further investigate Plaintiff's actions, an undercover officer was sent in to determine whether Plaintiff was engaging in criminal activity. (See ¶ 28, 34 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.) While continuing his surveillance, GONZALEZ observed Plaintiff engage in a hand-to-hand transaction with HARRIS, the undercover officer. (See ¶ 39, 42-46 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.) HARRIS later confirmed to the other officers on his team, including GONZALEZ, that RENO sold him suspected crack cocaine. (See ¶ 48 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.) There can be no question that

based upon the information available to GONZALEZ at the time, it was reasonable for him to believe that a crime had been committed.

The analysis is similar for each of the other Defendant officers. HARRIS, acting upon information received from GONZALEZ and Sgt. Butler, proceeded to the intersection of 79th Street and Essex to determine whether RENO was engaged in the sale of narcotics. (See ¶ 34-36 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.) HARRIS then spoke with a gentleman fitting the description given by GONZALEZ of the individual suspected to be engaged in criminal activity. (See ¶ 38-40 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.) HARRIS asked the individual for "rocks" and the individual asked HARRIS how many he wants. (See ¶ 40-41 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.) HARRIS tendered the individual money and the individual provided him with a small plastic knotted item, which HARRIS later confirmed is crack cocaine. (See ¶ 41-43, 45, 48 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.) After HOFFMAN and SHAAR made the individual available for identification, HARRIS drove by the store and positively identified Plaintiff as the individual who sold him the suspect crack cocaine. (See ¶ 62, 67 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.) Once again, a reasonable person in HARRIS's position would most certainly believe probable cause existed to arrest Plaintiff for possession of cocaine with intent to deliver.

Similarly, a reasonable person in the position of either HOFFMAN or SHAAR would believe he had probable cause to arrest RENO. During this Surgical Strike Mission, each of the officers were in contact with one another via Nextel phones that are used only for radio communication. (See ¶ 21 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.) Via the Nextel radios, HOFFMAN and SHAAR received identical descriptions of the individual

suspected to be engaged in the sale of narcotics. (See ¶ 29-30, 48-49 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.) The description of the suspect given was fairly specific and distinctive. For example, the suspect was continually described as wearing black jeans with orange stitching or trim. (See ¶ 23, 30, 32, 49 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.) HOFFMAN and SHAAR had every reason to believe that these officers were acting truthfully and providing them with accurate information. See Sow, 636 F.3d at 302. When HOFFMAN and SHAAR entered the store at the southwest corner of the intersection of 79th Street and Essex, HOFFMAN saw an individual matching the description given to them of the suspect. (See ¶ 56 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.) RENO was also identified by HARRIS as the individual who sold him the suspect narcotics. (See ¶ 67 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.) A reasonable person in the position of either HOFFMAN or SHAAR would most certainly believe Plaintiff was engaged in criminal activity and, therefore, that he had probable cause to arrest Plaintiff.

Each of the Defendant officers relied upon information from other officers with the Chicago Police Department that Plaintiff was suspected to have engaged in the sale of narcotics. This information from other officers guided, in part, each of the Defendant officers' conduct. When an officer receives information from a third party whom it seems reasonable to believe is telling the truth, the officer has probable cause to effectuate an arrest. Sow, 636 F.3d at 302 (citing Kelley v. Myler, 149 F.3d 641, 647 (7th Cir. 1998)). Here, each of the Defendant officers acted upon information received from other officers who they reasonably believed were telling the truth. Therefore, each of the Defendant officers had probable cause to arrest Plaintiff.

Because there is no room for a difference of opinion regarding the facts, a conclusion that probable cause existed for RENO's arrest as a matter of law is appropriate. A reasonable person,

in the position of each of the Defendant officers, would believe that a crime has been committed. As a result, Defendants are entitled to an award of summary judgment in their favor.

> **B. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S STATE LAW CLAIM OF MALICIOUS PROSECUTION AS PLAINTIFF HAS FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUPPORT SUCH A CLAIM AGAINST THESE DEFENDANTS.**

Plaintiff also makes a claim of malicious prosecution against Defendants. Defendants, however, are entitled to summary judgment because Plaintiff has failed to establish all of the elements of a claim for malicious prosecution. To state a claim for malicious prosecution under Illinois law, a plaintiff must plead facts establishing the following elements: (1) the commencement or continuation of a prior criminal or civil proceeding against the plaintiff; (2) a termination of the prior proceeding against the plaintiff on the merits; (3) lack of probable cause for the proceeding against the plaintiff; (4) malice; and (5) damages that proximately resulted to the plaintiff. Logan v. Caterpillar, Inc., 246 F.3d 912, 922 (7th Cir. 2001) (citing Swick v. Liautaud, 169 Ill. 2d 504, 662 N.E.2d 1238, 215 Ill. Dec. 98; Joiner v. Benton Community Bank, 82 Ill.2d 40, 411 N.E.2d 229 (Ill. 1980)).

In this case, criminal proceedings were commenced against Plaintiff and those proceedings were terminated on the merits. Plaintiff, however, has failed to establish any of the remaining elements of malicious prosecution. In charging Plaintiff with possession of cocaine with intent to deliver, HARRIS, HOFFMAN, SHAAR, and GONZALEZ each had a reasonable belief that Plaintiff was guilty of the offense charged. See Johnson v. Saville, 575 F.3d 656 (7th Cir. 2009). As set forth above, HARRIS, HOFFMAN, SHAAR and GONZALEZ had probable cause to believe Plaintiff committed the offense of possession of cocaine with intent to distribute.

Furthermore, there is no evidence that the charges were brought against Plaintiff with malice. A police officer commences or continues a criminal proceeding with malice if the officer commences or continues the criminal proceeding with an improper motive, or a reason other than to bring the person against whom the criminal proceeding is commenced to justice. See Regalado v. Hayes, 2011 U.S. Dist. LEXIS 127335 (N.D. Ill. Nov. 3, 2011). There is no evidence that any of the Defendants had an improper motive in charging Plaintiff with criminal trespass to a residence.

A fair reading of Plaintiff's Complaints and the evidence presented in this matter establishes that none of the Defendants committed any act supporting a claim of malicious prosecution. Therefore, summary judgment is justified in favor of Defendants.

### C. DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY AS TO PLAINTIFF'S CLAIM OF FALSE ARREST UNDER § 1983 AND, THEREFORE, ARE ENTITLED TO SUMMARY JUDGMENT.

Even in the event this Honorable Court determines that probable cause did not exist for Plaintiff's arrest, summary judgment may still be granted in favor of Defendants as to Plaintiff's claim of false arrest on the basis of qualified immunity. "Public officials 'performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Humphrey v. Staszak, 148 F.3d 719, 725 (N.D. Ill. 1998) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2732 (1982) (citations omitted); Tangwall v. Stuckey, 135 F.3d 510, 514 (7th Cir. 1998)). Qualified immunity shields from liability police officers "who act in ways they reasonably believe to be lawful". Chelios, 520 F.3d at 691 (citing Anderson v. Creighton, 482 U.S. 635, 638-39, 107 S. Ct. 3034 (1987)). Qualified immunity insulates an officer against § 1983 liability for an alleged unlawful arrest if a reasonable officer could have believed a plaintiff's arrest to be lawful in light of clearly established law and of

the information that the arresting officer then possessed. Robinson, 210 F. Supp. 2d at 1009; Kelley v. Myler, 149 F.3d 641, 648 (7th Cir. 1998).

Courts are to approach the qualified immunity question using a two-part inquiry. Baird v. Renbarger, 576 F.3d 340 (7th Cir. 2009) (citing Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151 (2001)). First, the court determines whether a constitutional right has been violated. Id. In the event such a right has been violated, the court then asks whether the right was clearly established at the time the officer acted. Id. In the context of a claim of false arrest, when an officer asserts a defense of qualified immunity, the court must determine whether the officer "actually had probable cause or, if there was no probable cause, whether a reasonable officer could have mistakenly believed that probable cause existed. Humphrey, 148 F.3d at 725 (citing Hunter v. Bryant, 502 U.S. 224, 227, 112 S. Ct. 534, 536 (1991); Edwards v. Cabrera, 58 F.3d 290, 293 (7th Cir. 1995)).

The test for qualified immunity is an objective test to determine whether the officer violated clearly established federal law. Harlow v. Fitzgerald, 457 U.S. 800 (1982). Qualified immunity depends upon the objective reasonableness of the officer's conduct as measured by reference to clearly established law. Davis v. Scherer, 468 U.S. 183, 191 (1984). Officers are entitled to summary judgment based upon qualified immunity if their actions were not objectively unreasonable at the time they were taken. Humphrey, 148 F.3d at 725.

It is clear from the facts that none of the actions of HARRIS, HOFFMAN, SHAAR, and GONZALEZ were objectively unreasonable. For example, GONZALEZ, while performing surveillance, saw Plaintiff engaging in what appeared to be narcotics-related hand-to-hand transactions. (See ¶ 23-25 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.) HARRIS, an undercover officer, was sent in to determine whether Plaintiff was engaging in the

sale of narcotics. (See ¶ 28, 34 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.) HARRIS, while being watched by GONZALEZ and their sergeant, Sgt. Darwin Butler, purchased suspect crack cocaine from Plaintiff. (See ¶ 40-46, 48 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.) HOFFMAN and SHAAR were then sent in to detain Plaintiff. (See ¶ 50 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.) Plaintiff was escorted outside of the building he went into after his interaction with HARRIS. (See ¶ 61 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.) Plaintiff was then identified by HARRIS as the individual who sold him the suspect crack cocaine. (See ¶ 67 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.) Plaintiff was then taken into custody and taken to Area 2 for processing. (See ¶ 68, 74 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.) Each of the Defendant officers' actions were clearly reasonable.

At the very least, the Defendant officers had "arguable" probable cause. "Arguable probable cause exists when 'a reasonable police officer in the same circumstances and with the same knowledge and possessing the same knowledge as the officer in question could have reasonably believed that probable cause existed in light of well-established law.'" Humphrey, 148 F.3d at 725 (citing Gold v. City of Miami, 121 F.3d 1442, 1445 (11th Cir. 1997)). An officer is entitled to summary judgment on qualified immunity grounds if his actions were not objectively unreasonable at the time they were taken. Humphrey, 148 F.3d at 725 (citing Lee v. Sandberg, 136 F.3d 94, 102 (2d Cir. 1997)). A court should ask if the officer acted reasonably under settled law under the circumstances, "not whether another reasonable, or more reasonable, interpretation of the events can be constructed several years after the fact." Humphrey, 148 F.3d at 725 (citing Hunter, 502 U.S. at 228, 112 S. Ct. at 537). "Probable cause is a common-sense determination, measured under a reasonableness standard." Humphrey, 148 F.3d at 725 (citing Tangwall v.

Stuckey, 135 F.3d 516, 519 (7th Cir. 1998)). "It is an objective test, based upon 'factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'" Humphrey, 148 F.3d at 725 (citing Brinegar v. United States, 338 U.S. 160, 175, 69 S. Ct. 1302, 1310 (1949); Tangwall, 135 F.3d at 519). "Even if probable cause is lacking with respect to an arrest, despite an officer's subjective belief that he had probable cause, he is entitled to immunity as long as his subjective belief was objectively reasonable." Humphrey, 1148 F.3d at 725 (citing Hunter, 502 U.S. at 227, 112 S. Ct. at 536; Edwards v. Cabrera, 58 F.3d 290, 293 (7th Cir. 1995)).

For qualified immunity to be surrendered, pre-existing law must "truly compel (not just suggest or allow or raise a question about) the conclusion of every like situated, reasonable governmental agent that what the defendant is doing violates federal law in the circumstances." Lassiter v. Alabama A& M, 28 F.3d 1146 (11th Cir. 1994). The qualified immunity standard "gives ample room for mistake in judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." Hunter, 502 U.S. at 229 (1991); Chelios, 520 F.3d at 691. Qualified immunity, therefore, protects those officers who make a reasonable error in determining whether there is probable cause to arrest an individual. Chelios, 520 F. 3d at 691 (citing Anderson, 483 U.S. at 643).

Under the qualified immunity defense, in the light of pre-existing law, the alleged unlawfulness of the officer's conduct must be apparent. Wilson v. Layne, 526 U.S. 603, 615 (1999). As long as a reasonable officer could have believed that the subject actions were lawful, the defendant officer is entitled to qualified immunity. McCleary v. Navarro, 504 U.S. 966 (1992); Edwards v. Gilbert, 867 F.2d 1271, 1273 (11th Cir. 1989). In other words, HARRIS, HOFFMAN, SHAAR, and GONZALEZ are entitled to the protection of qualified immunity if it

–11–

can fairly be said that "a reasonable officer could have mistakenly believed that probable cause existed." Humphrey, 148 F.3d at 725.

With this in mind, Defendants are entitled to qualified immunity because there is no apparent unlawfulness with regard to their conduct. No argument can be made that could lead the Court to judge that any reasonable officer would not have believed probable cause existed for the arrest. Therefore, Defendants are entitled to summary judgment.

### D. DEFENDANTS ARE ENTITLED TO IMMUNITY AGAINST PLAINTIFF'S STATE LAW CLAIM OF MALICIOUS PROSECUTION BECAUSE DEFENDANTS' ACTIONS WERE NOT WILLFUL AND WANTON.

Even in the event this Honorable Court determines that Plaintiff was maliciously prosecuted, summary judgment may still be granted in favor of Defendants on the basis of immunity under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101 to 10/10-101 (hereinafter "the Act"). Under § 2-202 of the Act, a police officer is not liable for his acts in the execution or enforcement of any law unless such act constitutes willful and wanton conduct. 745 ILCS 10/2-202. "Willful and wanton conduct" is defined as "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property". 745 ILCS 10/1-210.

In this instance, there is no evidence that Defendants acted intentionally, with utter indifference to or with conscious disregard for the safety of Plaintiff in detaining him pursuant to what Defendants reasonably believed to be a lawful arrest. GONZALEZ, while performing surveillance, saw Plaintiff engaging in what appeared to be narcotics-related hand-to-hand transactions. (See ¶ 23-25 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.)

HARRIS, an undercover officer, was sent in to determine whether Plaintiff was engaging in the sale of narcotics. (See ¶ 28, 34 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.) HARRIS, while being watched by GONZALEZ and their sergeant, Sgt. Darwin Butler, purchased suspect crack cocaine from Plaintiff. (See ¶ 40-46, 48 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.) HOFFMAN and SHAAR were then sent in to detain Plaintiff. (See ¶ 50 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.) Plaintiff was escorted outside of the building he went into after his interaction with HARRIS. (See ¶ 61 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.) Plaintiff was then identified by HARRIS as the individual who sold him the suspect crack cocaine. (See ¶ 67 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.) Plaintiff was then taken into custody and taken to Area 2 for processing. (See ¶ 68, 74 of Defendants' Joint Rule 56.1 Statement of Uncontested Facts.)

Therefore, because there can be no question that Defendants' conduct in arresting Plaintiff was willful and wanton, Defendants are entitled to immunity under the Act from Plaintiff's claim of malicious prosecution. As a result, Defendants are entitled to an award of summary judgment in their favor.

## III.    CONCLUSION

Plaintiff has failed to establish that any of the conduct of HARRIS, HOFFMAN, SHAAR, and GONZALEZ went beyond well-accepted standards for an encounter of this nature. From the facts known to the Defendant Officers on the night of the alleged incident indicate that they clearly had probable cause to arrest Plaintiff. However, even assuming *arguendo* that probable cause did not exist, Defendants are entitled to qualified immunity as there was no violation of any clearly established right of Plaintiff. As a result, summary judgment should be entered on behalf of Defendants, CITY OF CHICAGO, CHICAGO POLICE OFFICERS KEITH HARRIS, Star No.

19542, JEROME HOFFMAN, Star No. 19110, KHALED SHAAR, Star No. 9039, NELSON GONZALEZ, Star No. 7235, as to Plaintiff's Complaint.

                                                            Respectfully Submitted,

                                                            CUISINIER, FARAHVAR & BENSON, LTD.

                                                            /s/ Victoria R. Benson
                                                            Victoria R. Benson, One of the attorneys for Defendants

Francis P. Cuisinier
Paul A. Farahvar
Victoria R. Benson
CUISINIER, FARAHVAR & BENSON, LTD.
200 W. Adams Street, Suite 430
Chicago, Illinois 60606
(312) 634-0412